IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>        v.<br><br>ANTONIO MADRIGAL AYALA,<br><br>               Defendant. | CASE NO.  1:03-CR-05363-AWI-3<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10.  The Court hereby denies the motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010);

In this case, the district court found a base offense level of 38 pursuant to USSG § 2D1.11, due to the 20.7 kilograms of pseudoephedrine involved in the offense. After acceptance of responsibility, the adjusted offense level was 35, providing for a sentencing range of 235 to 240 months (the defendant was a criminal history category of IV). The defendant was sentenced to a term of 188 months.

Amendment 782 has not reduced the guideline range applicable in the defendant's case. Specifically, the base offense level in this case is still 38 (applied where the chemical quantity involves 9 kilograms or more of pseudoephedrine). At the established criminal history category of IV, his sentencing range is still 235 months to 240 months, the same as the previous range applicable to his case. The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).

In addition, the "applicable guideline range" is defined in application note 1(A) as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined *before* consideration of any departure provision in the Guidelines Manual or any variance." Therefore, Section 1B1.10 provides that a defendant who received a sentence below the now-amended range, is ineligible for a reduction. The amended guideline range is 235 months and the defendant was previously sentenced to a term of 188 months which is less than the amended guideline range. *See United States v. Davis*, 739 F.3d 1222 (9th Cir. 2014). Thus, the defendant is ineligible for this reason as well.

///

///

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

2

1    The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated: __December 22, 2014__          _____
                                      SENIOR DISTRICT JUDGE